W. W. Shearer *v.* Eliza A. Shearer, Adm'x, et al.

1. Chancery Court — Demurrer — Fraud. — Where the complainant's bill charges a combination to cheat and defraud the complainant, and the defendant filed a general demurrer to the bill: *held*, that the demurrer to that part of the bill charging defendants with a combination to cheat and defraud, was bad. That part of the bill required an answer, and the demurrer should have been overruled.
2. Same — Same. — It is a general rule that a demurrer cannot be good as to a part which it covers, and bad as to the rest, and therefore it must stand or fall altogether.

Appeal from the Chancery Court of Chickasaw County. Hon. Austin Pollard, Chancellor.

The bill avers substantially that complainant held three promissory notes on Thomas B. Shearer, payable respectively at four, five and six months, for the aggregate sum of $5,361.36; that Thos. B. proposed to take up the notes, and W. W. a written obligation to sell valuable lands owned by him in the city of Okolona, as the agent of W. W., and apply the proceeds to payment of his said debt as soon as he could release the same from trust deed with which the lands were then incumbered, in favor of Mrs. L. O. Walker, all of which was agreed to, the obligation was entered into, and the notes were surrendered. That Thomas B. afterwards sold a part of the property to Mrs. Walker in payment of his indebtedness to her, and at other times made partial payments to her, and the bill charges upon information and belief, that he paid off his entire indebtedness to her; that Thomas B. died October 29, 1869, and without having Mrs. Walker's deed of trust canceled. That his widow, Eliza A., qualified as his administratrix, and had a part of the land in complainant's written agreement contained, set apart to herself as exempt, though disconnected with the homestead, and that complainant had no notice of the proceedings. That the widow and heirs had notice of his written agreement with her husband, and that afterwards, on the 21st of June,

8

1872, F. Hodges, the trustee for Mrs. Walker advertised to sell a 24-acre lot to satisfy the balance due her of $444.75.    That complainant, prior to the sale, made a tender of $444.75 in U. S. currency to Mrs. Walker, being the amount claimed to be due, which she declined ;  he then made the same tender to F. Hodges, the trustee ; he declined, and proceeded to sell the land ; that on the day of sale, and before it took place, complainant made public proclamation of his interest, to all the bystanders.    The trustee sold, and Mrs. Eliza Ann Shearer, the widow and administratrix, became the purchaser at $1,350.    That she has never paid one dollar of that bid to the trustee, nor has the trustee made her a deed.

That Mrs. Walker, Mrs. Shearer and F. Hodges did combine, and confederate together and with each other, to wrong and injure complainant in the premises, by defeating his lien, and cheating and defrauding him out of the amount due him by Thomas B. Shearer, and that the estate of Thomas B. is wholly insolvent. The bill exhibits letters of Thomas to complainant (which the bill charges), shows the intention of the parties, etc.    The prayer is for an account to be taken, and a commission appointed, in whom shall be invested the title of the 24-acre lot of land, that the same be sold and the proceeds paid to the complainant, less the amount due Mrs. Walker, and that F. Hodges be required to enter satisfaction on the trust deed, and for general relief.

To this a demurrer was filed, stating for grounds of demurrer,

1. Want of equity of the face of the bill.

2. Want of jurisdiction in the court.

3. The complainant's remedy is complete at law.

4. Because the instrument sued on was not sealed, acknowledged, witnessed or recorded.

5. Because the instrument sued on was conditional in its terms, and was to be performed only upon the happening of certain contingencies, which have never happened.

6. For multifariousness.

The court sustained the demurrer and dismissed the bill, and

complainants appeal to this court, and assign for error, that the chancery court erred in sustaining defendant's demurrer to complainant's bill, and dismissing said bill.

*McIntosh & Houston*, for appellants:

Contended that W. W. Shearer held an equitable lien. Washburn on Real Property, 2 vol., top page, 43. The chancery court will regard the substance, and not the form of an agreement. Story Eq. Jur., § 791. If a person contract in writing to sell and fail to do so, but sells to another person, who has knowledge of the contract, the latter will be compelled to perform the contract of the first party making it. Story Eq., 784; Walker v. Williams, 30 Miss., 165; 2 Washburn Real Property, 43; 4 Mass., 444. In order to complete his remedy, it was necessary that a decree obtained by fraud and deceit at a former term should be set aside. Plummer v. Plummer, 37 Miss., 185; Person v. Nevitt, 32 Miss., 180. The cause of demurrer for multifariousness is not well taken. Groves v. Hall, 34 Miss., 419.

*Frank Johnston*, for appellees:

The writing filed with the bill as " Exhibit A " and recited in the bill is not sealed, acknowledged, or witnessed, and conveys no legal title to the complainant. There was no obligation to convey to W. W. Shearer in payment of the notes; the extent of the obligation was simply this: " I owe you a large debt, I will try to pay off the lien on this land now held by Mrs. Walker; when I succeed in this, I will endeavor to sell the land, and when sold, I will pay you out of the proceeds of the sale." If the debtor had sold the land on a credit, taking the purchaser's notes and promised to pay complainant his debt out of the notes, it is clear that *this would not have amounted to an equitable dedication or assignment*, and there is no difference between this and the case at bar. In every supposable case where the creditor has a legal or equitable mortgage on real estate, and the specific property itself is sold, on credit, he can reach the purchase money, provided there is no intervening equity in favor of a third

person.   The bill is defective in this :   It alleges that at the January term, 1871, of the probate court, a decree was made setting apart the 24 acre lot and another lot, where the said Thomas B. resided in his life time, as a homestead exemption to his widow and children.   That decree was final at the close of the January term, 1871, and no appeal was taken.   Rev. Code, 1871, pp. 401, 431.   In the administration of insolvent estates, all creditors share equally.   Rev. Code, 1871, § 1162.   The bill is multifarious.   Each case must stand and be decided on its own specific facts.   Darcey v. Lake, 46 Miss., 109.   These several matters cannot be joined in one bill, besides, such a bill does not lie for the sale of the decedent's land for the payment of debts under the statute, and counsel misapplies the scope of the statute above cited.   See Rev. Code of 1871, §§ 1148, 1153 and 1159.

PEYTON, C. J., delivered the opinion of the court.

This was a bill filed by the appellant to redeem a prior deed of trust upon certain land in Chickasaw county, and to subject the same to the payment of his claim against the estate of which the appellee is administratrix, by virtue of a written agreement by which Thomas B. Shearer in his life time agreed with the appellant to hold certain real estate as security to pay his indebtedness to the appellee.

The bill charges that the written agreement created a charge in the nature of a lien on the real estate specified therein.   The bill further charges that Eliza A. Shearer, F. Hodges and Mrs. L. O. Walker combined together to wrong and injure the appellant and defeat his lien on said property.

The defendants in the court below appeared and interposed a demurrer to the bill which was sustained by the court, and the bill dismissed.   And this action of the court below is here assigned for error.

It will be observed there was no answer to that part of the bill which charges a combination to cheat and defraud the plaintiff be-

low.   The demurrer is applied to the whole bill, and is bad as to that part of which charges defendants with a combination to cheat and defraud the plaintiff.   This requires an answer.   For it is a general rule that a demurrer cannot be good as to a part which it covers and bad as to the rest, and therefore it must stand or fall altogether.   Story's Eq. Pl., 409, sec. 443.

If it be true that the agreement creates a charge on the land in the nature of a lien, as charged in the bill, the complainant would have a right to equitable relief.   The demurrer admits the truth of the facts and allegations well pleaded in the bill, and this being so, the demurrer should not have been sustained.

For these reasons, the decree must be reversed, the demurrer overruled, and the cause remanded with leave to appellees to answer the appellant's bill within forty days from this date.